IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3039-D

| | | |
|---|---|---|
| HOMER AVERY WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BETH CHADWICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 1, 2010, Homer Avery Wood ("Wood" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Wood seeks leave to proceed in forma pauperis [D.E. 2]. On April 18, 2011, the court reviewed the action pursuant to 28 U.S.C. § 1915A, and allowed plaintiff's claim alleging deliberate indifference to a serious medical need to proceed against five defendants [D.E. 5]. On May 20, 2011, defendant Smith, acting pro se, moved to dismiss the complaint against him [D.E. 13]. Smith, a physician, asserts that he is not employed at the Sampson County Jail and never provided Wood with medical treatment. Id. On June 27, 2011, Wood moved to amend his complaint [D.E. 16] and to compel discovery of the name of the physician who was involved in his medical care [D.E. 17]. On July 13, 2011, Wood moved for appointment of counsel [D.E. 20]. On July 28, 2011, defendant Micklos moved to dismiss the complaint [D.E. 23]. On September 2, 2011, Wood moved for an extension of time to file a response in opposition to defendants Padgett's, Hester's, and Meadows's answer to his complaint [D.E. 34]. Between December 12 and December 30, 2011, all defendants (including Smith) moved through counsel for summary judgment[1] [D.E. 51, 54, 58]. On January 3, 2012, Wood moved for

---

[1] In his motion for summary judgment, defendant Micklos "adopts and incorporates his Motion to Dismiss (with exhibit) and the arguments set forth in his Memorandum in Support of

an extension of time until March 1, 2012 to respond to the motions for summary judgment [D.E. 61].

Wood seeks the appointment of counsel because his "imprisonment greatly limits his ability to litigate[,]" that "[t]he issues involved in this case are complex, and will require significant [research] and investigation[,]" and that he "has limited law library access and limited knowledge of the law." [D.E. 20] at 1. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. United States Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Wood's characteristics and his claims do not present exceptional circumstances. Accordingly, the court denies Wood's motion for appointed counsel [D.E. 20].

Smith argues that he did not provide Wood with medical care at the Sampson County Jail. See, e.g., [D.E. 13] at 1 (Smith's pro se motion to dismiss); [D.E. 54-1] ¶¶ 5-7 (Smith Aff.); [D.E. 55] at 2 (memorandum in support of Smith's motion for summary judgment). Wood does not dispute Smith's argument; instead he seeks "to compel[] discovery from Major Pickett (Superintendent of Sampson County Detention Center) . . . [of] the proper physician[']s name and his present address that worked as [j]ail physician on January 1st 2007." [D.E. 16] at 2 (motion to amend); see also [D.E. 17] at 1 (motion to compel). Therefore, the court grants Smith's motion for summary judgment [D.E. 54], and denies as moot Smith's motion to dismiss [D.E. 13].

As for Wood's desire to proceed with his claim against the proper defendant Smith, the statute governing prisoner civil actions provides that "[n]otwithstanding any filing fee . . . that may

---

Motion to Dismiss which was filed on July 28, 2011 as if fully set forth herein." [D.E. 52] at 1.

have been paid, the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). Wood alleges that

> on or about January 1st 2007 . . . Smith removed my personal physicians palliative prescription medication, "narcotics" from my other prescribed medication and shipped me off to the Department of Correction without defendant's palliative medication or the prescription container thereof so the D.O.C. would have no evidence that I even had a p[re]scription for this . . . medication.

[D.E. 1] at 5–6. Wood signed his complaint on February 10, 2010, and filed it on April 1, 2010. Id. 16.

Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See, e.g., Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Wood's claims. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. See, e.g., Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the injury forming the basis of an action. See, e.g., Wallace, 549 U.S. at 391; Nasim, 64 F.3d at 955. Wood alleges that Smith confiscated his medication on January 1, 2007. Compl. 6. Wood signed

3

his complaint on February 10, 2010, and filed it on April 1, 2010. Therefore, Wood's claim against Smith is untimely. Wood's allegations of ongoing pain resulting from actions of other defendants does not resuscitate his claim against Smith. See, e.g., Nat'l Adver. Co., 947 F.2d at 1167; Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983); Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 661–62 (M.D.N.C. 2003). Accordingly, the court denies Wood's motions to amend and compel to discovery [D.E. 16–17].

Finally, Wood seeks an extension of time to respond to defendants' motions for summary judgment [D.E. 61]. Wood notes that the five defendants "are represented by 3 or more Attorneys[,]" requiring Wood to "do[] multiple research ... to address these motions[.]" [D.E. 61] at 1. Wood also cites "multiple and complex health problems," as well as the logistical difficulty of making enough photocopies of his response "to forward to the court and Defendants." Id. 1–2. The court allows Wood's motion for an extension in part, and Wood shall have until February 17, 2012, to file a single response in opposition to the remaining motions for summary judgment. In order to assist Wood in expediting his response, the court allows Wood to forego mailing paper copies of his response to each of the defendants, and permits Wood to mail his response to the court. The court will serve the response on the defendants through its electronic filing system. The court cautions Wood that he must serve paper copies of any other filing by mail and may rely on electronic service only for his response to the motions for summary judgment.

In sum, the court GRANTS defendant Smith's motion for summary judgment [D.E. 54], DENIES AS MOOT defendant Smith's motion to dismiss [D.E. 13], DENIES plaintiff's motions to amend and compel [D.E. 16–17] and for appointment of counsel [D.E. 20]. The court GRANTS IN PART plaintiff's motion for an extension of time to file one response to the remaining motions for summary judgment [D.E. 61]. Plaintiff shall file his response on or before February 17, 2012,

4

and may serve it on the remaining defendants by the court's electronic filing system. Additionally, the court DENIES AS MOOT defendant Micklos's motion to dismiss [D.E. 23], and Wood's motion for extension of time to file a response in opposition to defendants Padgett's, Hester's, and Meadows's answer to the complaint [D.E. 34]. Defendant Smith is no longer a party.

SO ORDERED. This 9 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge